Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KIRBY, <br><br> Plaintiff, <br><br> v. <br><br> TAMMY KWILECKI, *et al.*, <br><br> Defendants. | Civil Action No. 20-cv-01670 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter primarily involves 42 U.S.C. § 1983 claims arising out of plaintiff John Kirby's arrest in February 2018. Presently before the Court are four motions to dismiss filed by the following Defendants: (1) Tammy Kwilecki, D.E. 4, (2) Christopher C. Botta, D.E. 24, (3) Bergen County Prosecutor's Office ("BCPO"), D.E. 31, and (4) Bergen County Sheriff's Department ("BCSD"), D.E. 37. Also pending before the Court is Plaintiff's cross-motion to sever and remand to state court. D.E. 26. The Court has reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).

---

[1] Kwilecki's brief, D.E. 4-1, will be referred to as "Kwilecki Brf."; Kwilecki's reply brief in support of her motion to dismiss and in response to Kirby's motion to sever and remand, D.E. 27, will be referred to as "Kwilecki Reply"; Botta's brief, D.E. 24-1, will be referred to as "Botta Brf."; Botta's reply brief in support of his motion to dismiss, D.E. 30, will be referred to as "Botta Reply"; BCPO's brief, D.E. 30-1, will be referred to as "BCPO Brf."; BCPO's reply brief in support of its motion to dismiss, D.E. 33, will be referred to as "BCPO. Reply"; Bergen County Sheriff's Department's brief, D.E. 37-1, will be referred to as "BCSD Brf."; Bergen County Sheriff's Departments reply brief in support of its motion to dismiss, D.E. 43, will be referred to as "BCSD

I.      **BACKGROUND**

On February 18, 2018, Plaintiff John Kirby, Defendant Tammy Kwilecki, and two of Kwilecki's sons, Julian and Jacob McKean, attending a wedding at Rockleigh Country Club in Rockleigh, New Jersey.[2] D.E. 1. ("Compl.") ¶ 20-22. After leaving the wedding, Kirby, Kwilecki, Julian, and Jacob went to a room in the Hilton in Woodcliff Lake, New Jersey. *Id.* Shortly after arriving, Kirby was allegedly assaulted by a group of individuals including the McKean brothers. *Id.* ¶ 23. Officers from the Woodcliff Lake Police Department ("WLPD"), including Defendant Dennis DeAngelis, responded to the scene. *Id.* ¶ 24. Upon the officers' arrival, Kwilecki told DeAngelis that Kirby had assaulted her. *Id.* ¶ 25. Kirby alleges that this assault accusation is false. *Id.* Kirby was arrested on one charge of simple assault in violation of N.J.S.A § 2C:12-1A(1). *Id.* ¶ 26.

After his arrest, emergency medical personnel took Kirby to the Hackensack University Medical Center where he was treated for injuries, including a facial fracture. *Id.* ¶ 28-29. The next day, officers of the WLPD, Hackensack Police Department ("HPD"), and BCSD transported Kirby from his hospital bed to Bergen County Jail's infirmary unit against the medical advice of Kirby's doctors. *Id.* ¶ 31-33. Kirby alleges that the jail failed to provide him with adequate medical care for his injuries. *Id.* ¶ 34.

---

Reply." Kirby's opposition to Botta's motion to dismiss, D.E. 29, will be referred to as "Kirby Opp. Botta"; Kirby's opposition to BCPO's motion to dismiss, D.E. 32, will be referred to as "Kirby Opp. BCPO"; and, Kirby's opposition to Bergen County Sheriff's Department's motion to dismiss, D.E. 40, will be referred to as "Kirby Opp. BCSD." Kirby's brief in opposition to Kwilecki's motion to dismiss and in support of his Cross Motion to Sever and Remand, D.E. 26, will be referred to as "Kirby Brf."

[2] The facts are derived from Plaintiff's Complaint. D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Two days later, Kirby appeared in the Superior Court of New Jersey, Bergen County where he pled guilty to one count of harassment, a petty disorderly persons offense. *Id.* ¶ 36. Kirby states that he pled guilty under duress so that he could be released from custody to obtain proper medical treatment. *Id.* He was sentenced to court costs and fines. *Id.* After his release, Kirby returned to the Hilton in Woodcliff Lake. *Id.* ¶ 37. Officers from WLPD, including DeAngelis, arrived at the Hilton shortly thereafter and accompanied Kirby to his room where he was instructed to gather his belongings. *Id.* ¶ 38. At that point, DeAngelis and others informed Kirby that he was under arrest and placed him in a police cruiser. *Id.* ¶ 39. The Complaint alleges that this was in order to serve Kirby with a temporary restraining order and that Kirby was detained for several hours. *Id.* ¶ 42.

On November 16, 2018, Kirby returned to New Jersey to file a criminal complaint alleging aggravated assault in violation of N.J.S.A. 2C:12-1(b) against the McKean brothers as to the incident on February 18. *Id.* ¶ 48. The complaint was forwarded to BCPO; BCPO downgraded and remanded the matter back to the Pascack Joint Municipal Court for prosecution. *Id.* ¶ 49-50. Kirby's counsel requested from the BCPO a written explanation of why the matter had been downgraded, but neither Kirby nor his counsel ever received such response. *Id.* ¶ 51-52. At the first appearance for the assault charges against the McKean brothers, Botta (the municipal prosecutor) made an oral application to dismiss the complaints against Jacob and Julian; the motion was granted by the municipal judge. *Id.* ¶ 59. Kirby alleges that no person ever contacted him, as a victim, to discuss the case. *Id.* ¶ 60.

On February 17, 2020, Kirby brought the present action, naming the following as Defendants: Tammy Kwilecki, Borough of Woodcliff Lake, WLPD, City of Hackensack ("Hackensack"), HPD, Dennis DeAngelis, Anthony Jannicelli, Christopher C. Botta, BCPO, BCSD, John Does 1-

3

10, and ABC Corporations 1-10. The Complaint alleged 13 counts[3]: Count I - 42 U.S.C. § 1983 and 1985 claim against DeAngelis, WLPD, Woodcliff Lake, HPD, Hackensack, BCSD, and the Bergen County Jail; Count II - 42 U.S.C. § 1983 claim against Hackensack and HPD; Count III - 42 U.S.C. § 1983 claim against WLPD, Jannicelli, and Woodcliff Lake; Count IV - 42 U.S.C. § 1983 claim against BCPD; Count V - 42 U.S.C. § 1983 claim against WLPD and Jannicelli; Count VI - 42 U.S.C. § 1983 claim as to Hackensack and HPD; Count VII – New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-2, claim against Hackensack and HPD; Count VIII – false imprisonment, malicious abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, and reckless misconduct against DeAngelis; Counts IX-XII – defamation against Kwilecki; and Count XIII -  New Jersey Crime Victims Bill of Rights ("CVBR"), N.J.S.A. 52:4B-36, claim against Botta, Borough of Woodcliff Lake, and BCPO.

On July 9, 2020, Defendants Hackensack and HPD were dismissed pursuant to a stipulation by the parties.  D.E. 20.

## II. LEGAL STANDARD

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed when it fails "to state a claim upon which relief can be granted."  In analyzing a motion to dismiss under Rule 12(b)(6), the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.2002).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as

---

[3] The Court omits the John Doe and ABC Corporation Defendants in listing the counts.

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### III. ANALYSIS

#### A. Claims against BCSD (Counts I, IV, and VII)

BCSD moves to dismiss Counts I, IV, and VII. Counts I and IV are § 1983 claims and Count VII is a under the New Jersey Civil Rights Act ("NJCRA"). 42 U.S.C. § 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. § 1983 does not provide substantive rights; rather, § 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

5

In order to state a claim under § 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

> The NJCRA provides a private cause of action to
>
>> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. 10:6-2. The "NJCRA was modeled after § 1983, [so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted). Therefore, the Court considers Plaintiff's § 1983 and NJCRA claims together.

BCSD argues that it is not a proper defendant in a § 1983 action. BCSD Brf. at 7-10. A police department is "merely an administrative arm of the local municipality." *Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)); *see also Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part."). BCSD is merely an arm of the county and the proper defendant for a § 1983 claim is the

county. *Desposito v. New Jersey*, No. Civ. 14-1641, 2015 WL 2131073, at *7 (D.N.J. May 5, 2015) (holding that Bergen County Sheriff's Department is not a proper defendant in § 1983 action). As a result, BCSD's motion is granted.

Even had the county been named, it is well established that local government units cannot be held liable for the constitutional violations of their employees "unless action pursuant to official municipal policy of some nature caused a constitutional tort" to be committed by such employees. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). To plead a county liability claim, a plaintiff must allege that "a [county] government's policy or custom . . . inflict[ed] the injury" in question. *Id*. at 694. "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original) (internal quotation marks omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). The Complaint does not allege a policy or custom.

The Third Circuit has found that a *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead such a claim, a plaintiff "must demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798, 800 (3d Cir. 2019) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). For claims involving police officers, the alleged failure can only serve as a basis for § 1983 liability where it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference is plausibly pled by showing that "(1) municipal

7

policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

Kirby makes the following argument as to failure to train or supervise:

> Here, Plaintiff's complaint pleads Defendant BCSD as having "…control over the Bergen County Jail." Pla. Comp. ¶ 16. Plaintiffs further allege that Defendant BCSD acted under color of law. ¶ 19. Plaintiff's complaint states that Plaintiff suffered "…serious injuries, including a severe facial fracture that required immediate medical care and surgery." ¶ 26. Plaintiff alleges that Defendant BCSD placed Plaintiff in the Bergen County Jail's infirmary unit and failed to provide Plaintiff adequate medical care for his serious injuries, without proper medical treatment or medication despite his *obvious and apparent serious injuries*. ¶¶ 33-34. (emphasis added). Plaintiff also alleges that Defendant BCPO [sic], as a matter of custom, police and/or practice failed to adequately train, supervise, discipline, or otherwise direct its patrolmen concerning unconstitutional conduct, thereby causing its employees to engage in the conduct. *See* ¶¶ 78-81.

Pl. Opp. BCSD at 9-10 (emphasis in original). Conclusory recitations of the elements of a *Monell* claim are insufficient. *See, e.g., Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead adequate facts demonstrating the existence of a policy or custom). As Plaintiff notes, the Complaint merely alleges in conclusory terms that the alleged impropriety was done pursuant a custom and/or practice of failing to train or supervise. Generally, to plead deliberate indifference, a plaintiff must allege, among other things, that there was a *history* of employees mishandling a particular situation. *See Roman*, 914 F.3d at 798. Kirby fails to identify any similar incidents as evidence of a history of misconduct within the police department. The Complaint's conclusory allegations

8

are insufficient such that even if BCSD was the proper party, dismissal of the *Monell* claims would be appropriate.

In support, Kirby cites to *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575 (3d Cir. 2003). Pl. Opp. BCSD at 9. In *Natale*, the Third Circuit allowed a claim against a government entity to proceed where there was evidence that it had turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights. *Id.* at 584. The Circuit looked to evidence concerning the policy for screening inmates, which omitted a policy to address the immediate medication needs of inmates. Here, however, Kirby has provided no allegations of any policy or pointed to what inadequate practice or gap in procedure allegedly existed.

Kirby's § 1983 claims against BCSD are dismissed with prejudice, but Kirby may file amended *Monell* claim if he names the proper entity and cures the deficiencies noted above. The Court reaches the same conclusion as to Kirby's NJCRA count.[4]

---

[4] Plaintiff also lists 42 U.S.C. § 1985(3) in Count I, though the parties' arguments focus on § 1983. To the extent Plaintiff is alleging a § 1985(3) claim against BCSD, he has not plausibly done so even if BCSD were the appropriate party against whom to assert such a claim. Section 1985(3) permits a party to bring an action to recover for injuries incurred by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." To establish a claim for civil conspiracy under 42 U.S.C. § 1985(3), a plaintiff must allege the following:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citations omitted). The Complaint does not contain allegations pertaining to a conspiracy or explain which defendants were allegedly involved in a conspiracy. The Complaint also lacks any plausibly pleaded facts concerning a racial or class based discriminatory animus.

### B. Claim against Christopher Botta and BCPO (Count XIII)

Kirby sues Botta and BCPO for violations of the CVBR, NJSA §52:4B-36, *et. seq.*, and the Victim's Rights Amendment in the New Jersey Constitution, N.J. Const. art. I, ¶22. Compl. at ¶ 122. Kirby alleges that Botta and BCPO's actions surrounding the prosecution of the McKean brothers violated his right to be notified in a timely manner if his presence in court was not needed or if a proceeding had been adjourned or cancelled; to be adequately informed of the case's progress and final disposition; to be treated with dignity and compassion by the criminal justice system; and to be informed about the criminal justice process. Compl. at ¶ 122. In particular, Kirby argues that BCPO failed to communicate with him, seek his input, and alert him of the downgrading decision "as was his right as a crime victim." Pl. Opp. BCPO at 10. BCPO moves to dismiss for three reasons: (1) absolute prosecutorial immunity bars Kirby's claims because they stem from conduct related to BCPO's role as a prosecutorial advocate; (2) BCPO is not amenable to suit under the NJCRA; and (3) there is no private right of action under either the Victims' Rights Amendment or the CVBR. Botta also moves to dismiss the claim, arguing that it is barred by the doctrine of absolute immunity. Botta Brf. at 1.

Plaintiff does not provide any legal authority that permits him to maintain a private right of action under the CVBR against a prosecutor's office or prosecutor. Instead, Kirby cites to a provision in the statute granting standing, N.J.S.A. § 52:4B-36r. Kirby Opp Botta at 10. That provision provides that crime victims and witnesses are entitled the following right:

> To appear in any court before which a proceeding implicating the rights of the victim is being held, with standing to file a motion or present argument on a motion filed to enforce any right conferred herein or by Article I, paragraph 22 of the New Jersey Constitution, and to receive an adjudicative decision by the court on any such motion.

N.J.S.A. § 52:4B-36r. A plain reading of that provision, however, indicates that it confers standing in a criminal proceeding concerning the crime of which the person is the victim. *Cf. State v. Tedesco*, 69 A.3d 103, 109 (N.J. 2013) (finding that mother of murder victim had standing under the New Jersey Constitution to file a motion to compel the defendant's presence at the defendant's sentencing). Kirby has not shown that there is a private right of action present in the statute that would allow to bring a civil claim against the prosecutors. Nor does Plaintiff make any attempt to analyze whether the CVBR confers an implied private right of action. *See R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 773 A. 2d 1132, 1143 (N.J. 2001). The claim asserted pursuant to the CVBR is therefore dismissed.[5]

As to Kirby's claim for violation of the Victim's Rights Amendment in the New Jersey Constitution, "civil claims for violations of the New Jersey Constitution can only be asserted by way of the New Jersey Civil Rights Act." *Jecrois v. Sojak, et al.,* No. 16-1477 (JMV), 2017 WL 2380173, *12, (D.N.J. Jun. 1, 2017) (quoting *Martin v. Unknown U.S. Marshals*, 965 F. Supp. 2d 502, 548 (D.N.J. 2013)). Kirby does not bring this claim pursuant to the NJCRA, and the claim under the New Jersey Constitution is therefore dismissed.[6]

---

[5] The Court is only ruling as to Plaintiff's private right of action in a civil suit seeking monetary damages. The Court is not addressing whether the CVBR provides other potential recourse for a crime victim, such as filing a motion to have the dismissal in the criminal matter vacated based on material violations of the CVBR.

[6] Because the Court is dismissing on these grounds, it does not reach the additional arguments raised by the BCPO and Botta.

### C. Claims against Tammy Kwilecki (Counts IX-XII)

#### 1. Kwilecki's Motion to Dismiss

Defendant Kwilecki moved to dismiss the claims against her because she is a private individual and thus not subject to suit under § 1983. As to the other claims, Kwilecki argues that the Court should decline to exercise supplemental jurisdiction. Kwilecki Brf. In his opposition brief,[7] Kirby clarified that he is not asserting § 1983 claims against Kwilecki and is only bringing state law claims against her. Kirby Brf. at 5-6. Thus, to the extent the Complaint asserts a § 1983 claim against Kwilecki, it is dismissed. The remaining issue is whether the Court should retain supplemental jurisdiction over the state law claims asserted against Kwilecki.

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which permits federal courts to "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Wis. Dep't of Corr v. Schacht*, 524 U.S. 381, 387 (1998); *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011). Federal courts may exercise supplemental jurisdiction over claims that share "a common nucleus of operative fact" with claims over which the district court has original jurisdiction. *Sarpolis v. Tereshko*, 625 F. App'x 594, 598 (3d Cir. 2016) (citing *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991)). The rule applies "even to claims asserted by or against additional parties." *Troncone v. Velahos*, No. Civ. 10-2961, 2012 WL 3018061, at *7 (D.N.J. July 23, 2012) (citing *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1197 (3d Cir. 1996)); *see also* 28 U.S.C. § 1367(a) ("Such supplemental jurisdiction shall include claims that involve the joinder or

---

[7] Kirby filed opposition to Kwilecki's motion simultaneously with his cross-motion to sever. D.E. 26.

intervention of additional parties."). In this case, the defamation claim against Kwilecki stems from the same incident from which § 1983 claims arise out. Specifically, Plaintiff alleges that Kwilecki defamed him when she said that he had committed assault, which lead to his arrest. Compl. at ¶¶ 25-26. Because the claims arise from a common nucleus of operative fact, supplemental jurisdiction is proper. *See Nat'l City Mortg.*, 647 F.3d at 85 (concluding that court had supplemental jurisdiction over closely related state law claims).

Supplemental jurisdiction, however, is discretionary. A court may decline to exercise its jurisdiction in the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.. § 1367(c).

Kwilecki argues that each factor justifies declining to exercise supplemental jurisdiction over the claims against her. The Court disagrees. The defamation count does not raise a novel or complex issue of New Jersey law, it does not substantially predominate over the claims over which the Court has original jurisdiction, and the Court has not dismissed the claims over which it has original jurisdiction. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003), as amended (Nov. 14, 2003) ("Generally, a district court will find substantial predomination where a state claim constitutes the real body of a case, to which the federal claim is only an appendage– only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.") (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)) (internal quotations omitted).

13

Thus, the Court reviews whether Kwilecki has pointed to exceptional circumstances with other compelling reasons to decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(4). Kwilecki points out that there is already a pending state litigation between Kirby and Kwilecki. Kwilecki Brf. at 13-14; Kwilecki Reply at 9. While this is certainly relevant, Kwilecki fails to provide authority demonstrating that it constitutes "exceptional circumstances" wherein the Court would decline to exercise supplemental jurisdiction. If the parties feel strongly that litigating the claims against Kwilecki in the Superior Court of New Jersey would be more efficient, they have the power to stipulate to a dismissal, and indeed the Court invited them to do so via Order on March 12, 2021. D.E. 44. Neither party responded to the Court's order.

Finding that none of the scenarios set forth in § 1367(c) apply, the Court will retain supplemental jurisdiction over the claims against Kwilecki and her motion to dismiss is denied.

### 2. Kirby's Cross-Motion to Remand

Kirby filed a cross-motion to sever counts IX-XII from the Complaint and remand them to the Superior Court of New Jersey, Law Division, Bergen County, to be heard with Kwilecki's pending litigation. Kirby Brf. at 20. Five defendants, Borough of Woodcliff Lake, Woodcliff Lake PD, Dennis DeAngelis, Anthony Jannicelli and Christopher Botta filed an opposition to Kirby's cross-motion to sever and remand. D.E. 28.

Although Kirby requests that the Court remand this matter to the Superior Court of New Jersey, the Court is unable to do so. 28 U.S.C. § 1447(c) governs matters removed from state court. However, this case originated in federal court and has never been in the Superior Court of New Jersey. D.E. 1. Accordingly, 28 U.S.C. § 1447(c) does not apply and the Court lacks the authority to remand the case. *See Farar v. Coffield*, 2019 WL 329597 (D.D.C. 2019); 14C Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Rev. 4th ed.) ("[F]ederal courts cannot remand an action that was originally filed in federal court.").

Plaintiff is the master of the Complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Kirby filed his Complaint in federal court after the state court action had been filed, asserting claims which he now states make "perfect sense" to adjudicate in state court. Kirby Brf. at 12; D.E. 1. The Court's March 12, 2021 Order provided the parties the opportunity to enter a stipulation of dismissal, which would be without prejudice and subject to the tolling provision of 28 U.S.C. § 1367(d). D.E. 44. The parties did not enter a stipulation of dismissal, or any response, within the time allocated by the Order. The Court does not have the power to remand this case to state court. Accordingly, Kirby's cross-motion to sever and remand is denied.

## IV.   CONCLUSION

For the foregoing reasons, the motions to dismiss of Botta, BCPO, and BCSD (D.E. 24, 31, 37) are **GRANTED**. Kwilecki's motion to dismiss (D.E. 4) is **GRANTED** as to any § 1983 claims but is **DENIED** as to her argument under 28 U.S.C. § 1367. Kirby's cross-motion (D.E. 26) is **DENIED**. To the extent a dismissal is without prejudice, Plaintiff has thirty (30) days to file an Amended Complaint that cures the deficiencies noted herein. If Plaintiff fails to do so, the matters dismissed without prejudice will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 26, 2021

_____
John Michael Vazquez, U.S.D.J.