**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN KIRBY, | |
| Plaintiff, | |
| v. | Civil Action No. 20-cv-01670 |
| BOROUGH OF WOODCLIFF LAKE, *et al.*, | **OPINION & ORDER** |
| Defendants. | |

**John Michael Vazquez, U.S.D.J.**

This matter primarily involves 42 U.S.C. § 1983 claims arising out of Plaintiff John Kirby's

arrest in February 2018.  The following Defendants filed motions to dismiss the Second Amended

Complaint ("SAC"): (1) the Borough of Woodcliff Lake, the Woodcliff Lake Police Department,

Dennis Deangelis, Anthony Janicelli and Christopher C. Botta (collectively, the "Woodcliff Lake

Defendants"), D.E. 80; and (2) the County of Bergen ("County"), D.E. 81.   Plaintiff filed

opposition to each motion, D.E. 82, 83, and the moving Defendants each filed a reply, D.E. 84, 85.

The Court reviewed the parties' submissions[1] and decided the motions without oral argument

pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, the

---

[1] The Court refers to Woodcliff Lake Defendants' brief in support of their motion, D.E. 80-4, as "Woodcliff Br."; the County's brief in support of its motion, D.E. 81-8, as "County Br."; Plaintiff's opposition to the Woodcliff Lake Defendants' motion, D.E. 82, as "Woodcliff Opp."; Plaintiff's opposition to the County's motion, D.E. 83, as "County Opp."; the Woodcliff Lake Defendants' reply, D.E. 85, as "Woodcliff Reply"; and the County's reply, D.E. 84, as "County Reply".

Woodcliff Lake Defendants' motion is **GRANTED in part** and **DENIED in part**, and the County's motion is **GRANTED**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For purposes of the pending motion, the Court does not retrace this case's full factual and procedural history.  This Court's December 14, 2021 Opinion granting in part and denying in part certain Defendants' partial motions to dismiss the First Amended Complaint ("FAC") includes a detailed recounting of the factual background of this matter.  D.E. 75 ("December Opinion").  The Court incorporates the relevant factual and procedural history from the December Opinion.

In the December Opinion, the moving Defendants only sought to dismiss Counts V and IX of the FAC.  In Count V, Plaintiff asserted a *Monell* claim against the County based on the alleged inadequate care that Kirby received at the Bergen County jail.  FAC ¶¶ 79-86.  In Count IX, Plaintiff alleged that Botta and the Bergen County Prosecutors Office ("BCPO") violated the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2.  FAC ¶¶ 99-100.  The Court partially granted the BCPO's motion and dismissed Count IX as to the BCPO with prejudice because it is immune from suit under the NJCRA.  Dec. Opinion at 7-13.  The Court denied the motion as to Botta because he argued that he was entitled to prosecutorial immunity under an incorrect standard.  *Id.* at 11.  The Court also granted the County's motion, concluding that Plaintiff failed to state a *Monell* claim.  *Id.* at 5-7.  The Court granted Plaintiff leave to file an amended complaint to fix the identified deficiencies as to the *Monell* claim and the claim against Botta.  *Id.* at 13.

Plaintiff filed the SAC on January 13, 2022, and Defendants filed the instant motions to dismiss.  The Woodcliff Lake Defendants argue that the SAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 80. The County seeks to dismiss Count V, the sole

count asserted against it, pursuant to Rule 12(b)(6), or for the Court to covert the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2]  D.E. 81.

## II.    LEGAL STANDARD

According to Rule 12(b)(6), a complaint may be dismissed when it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In analyzing a motion to dismiss under Rule 12(b)(6), the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal

---

[2] The County provides numerous pages of Plaintiff's medical records from the Bergen County Jail as an exhibit to its motion.  The County argues that the Court should convert this motion to one for summary judgment and consider the medical records.  County Br. at 15.  In the alternative, the County maintains that the medical records are integral to the SAC, so the Court can consider them in deciding the motion to dismiss. *Id.* at 14-15.  The Court disagrees that it may consider the medical records in a motion to dismiss, and the Court declines to convert the motion to one for summary judgment.

conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### III.   ANALYSIS

#### 1.   Claims Against the County

In Count V of the SAC, Kirby again asserts claims against the County due to the allegedly inadequate medical care that he received as a pretrial detainee in the Bergen County jail.  SAC ¶¶ 86-09.  Plaintiff also alleges that while he was detained, Bergen County failed to accommodate his vegan diet and he was not permitted to bathe for four days.  *Id.* ¶ 96.  The County argues that dismissal is appropriate because Plaintiff still fails to identify a policy or custom that led to a violation of his rights.  County Br. at 16-18.

Plaintiff appears to assert a direct claim against the County for its deliberate indifference to his medical needs and dietary preferences.  *See* SAC ¶¶ 91-95; *see also* County Opp. at 22-23 (arguing that Plaintiff states an Eighth Amendment deliberate indifference claim).  A local governing body "is only liable under § 1983 for constitutional violations that are caused by its official policies and customs."  *Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020). A local governing body cannot be held liable based on the conduct of its employees under a theory of *respondeat superior*.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).  As a result, the County cannot be directly liable for its alleged deliberate indifference to Plaintiff's individual medical needs or dietary concerns.  Plaintiff must identify a policy or custom that led to the alleged constitutional violation.[3]  *See Meleika v. Bayonne Police Dep't*, No. 21-19793, 2022 WL 522810,

---

[3] In his opposition brief, Plaintiff makes a similar argument for a Fourth Amendment false imprisonment claim against the County.  *See* County Opp. at 23-24.  Count V, the only claim asserted against the County, makes no mention of the Fourth Amendment or elements of a false

at *4 (D.N.J. Feb. 22, 2022) (explaining that for the City to be liable under § 1983, the law "would require facts suggesting an unconstitutional municipal policy, practice, or custom").  Plaintiff fails to do so.

For purposes of *Monell* liability, a policy exists "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict."  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)) (internal punctuation omitted).  A custom may be established "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  *Id.* (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)).  This Court dismissed the *Monell* claim in Plaintiff's initial complaint and the FAC because Plaintiff's allegations about a custom or policy were conclusory.  MTD Opinion at 8; Dec. Opinion at 5-7.  In the December Opinion, the Court clearly explained that Plaintiff could not plausibly plead a *Monell* custom or practice using only allegations about his personal experience as a pretrial detainee at the Bergen County jail.  *Id.*

Plaintiff now maintains that with his new allegations, he adequately pleads a *Monell* claim.  County Opp. at 18.   In the SAC, Plaintiff pleads that the County "turned a blind eye to an obvious inadequate practice that was likely to result in the violation of Plaintiff's constitutional right against cruel and unusual punishment."  SAC ¶ 101.  Plaintiff further contends that the County's

---

imprisonment claim.  Plaintiff cannot amend the SAC to assert a false imprisonment claim through his brief.  *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).  But even if Plaintiff did assert a false imprisonment claim against the County, it would be dismissed for the same reason as Plaintiff's purported deliberate indifference claim.

alleged failures are so obvious and apparent that they can only exist due to a policy or custom. County Opp. at 18.  But Plaintiff still relies solely on his personal experience, *see, e.g.*, SAC ¶¶ 91-95, and conclusory allegations, *see, e.g., id.* ¶ 102 (pleading that the County "promulgates the policies and procedures of the Bergen County Jail, and therefore, knew or should have known of the inadequate procedure for review of the medical needs of detainees").  Again, Plaintiff cannot rely solely on his own experiences to establish that there was a custom or practice of ignoring pretrial detainee's medical needs at the Bergen County jail.[4]  *See Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) ("[P]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing . . . municipal policy" (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985))).

Plaintiff again relies on *Natale v. Camden County Correctional Facility*, 318 F.3d 575 (3d Cir. 2003), arguing that he supplemented his pleading to better reflect the Third Circuit's decision in that case.  County Opp. at 18.  Specifically, Plaintiff now pleads that the County "turned a blind eye to an obviously inadequate practice[.]"  SAC ¶ 101.  But as previously explained, the Third Circuit also relied on corroborating testimony from an employee addressing the defendant's failure to appropriately document new detainees' immediate medical needs during their first few days of incarceration.  *Natale*, 318 F.3d at 585.  Although Plaintiff added additional conclusory language in the SAC to mimic the ruling in *Natale*, it does not change the fact that outside of conclusory

---

[4] The Supreme Court has left open the "rare" possibility, that "in a narrow range of circumstances" for a failure to train *Monell* claim, "a pattern of similar violations might not be necessary to show deliberate indifference."  *Connick v. Thompson*, 563 U.S. 51, 63-64 (2011).  A single incident may be sufficient if the constitutional violation was an "obvious consequence" of the lack of training. *Id.* at 63.  But Plaintiff's *Monell* claim is not based on the County's alleged failure to train.

language, Plaintiff relies solely on his own personal experience.  This is insufficient to plausibly plead a *Monell* claim.

Plaintiff also contends that the Court should take judicial notice of "'several' complaints regarding the medical care of inmates at the Bergen County jail over the last several years." County Opp. at 20.  Plaintiff includes a copy of a January 31, 2019 Department of Homeland Security ("DHS") report addressing conditions of confinement for Immigration and Customs Enforcement ("ICE") detainees at the Bergen County jail, and a July 13, 2021 complaint alleging civil and human rights violations based on the conditions of confinement for ICE detainees housed at the Bergen County jail.  Mcalindin Decl., Exs. D, E.  Plaintiff maintains that both documents are public records.  County Opp. at 20-21.

In deciding a Rule 12(b)(6) motion, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record.  *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  "Public records include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, judicial opinions, and hearing transcripts." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 632 (3d Cir. 2018).  Defendant does not challenge Plaintiff's assertion that either document is a public record. As a result, the Court assumes, without deciding, that both documents are public records that can be considered at this time.

The July 2021 complaint is a letter that three immigration advocacy groups sent to the DHS Office of Civil Right and Civil Liberties.  *See* Mcalindin Decl., Ex. E.  The allegations in the 2021 complaint address incidents that occurred in 2021 and rely on the 2019 National Detention Standards for Non-Dedicated Facilities and the CDC's COVID-19 guidelines.  *See* Mcalindin Decl., Ex. E.  Plaintiff was arrested and held at the Bergen County jail in February 2018.  SAC ¶¶

18, 40.  The County argues that Plaintiff cannot rely on events in 2021 to establish that a policy or custom existed in 2018.  *See* County Reply at 8-9.  The Court agrees, noting that the alleged violations are based on standards that post-date Plaintiff's arrest and detention and involve issues relating to COVID-19, which did not exist while Plaintiff was incarcerated.

The County makes the same argument for the DHS report – that Plaintiff's allegations pre-date the report.  County Reply at 8-9, 11.  Although published in 2019, the DHS Report resulted from an onsite investigation from March 27-29, 2018.  Mcalindin Decl., Ex. D.  The conditions at the Bergen County jail a month after Plaintiff's detention are relevant to Plaintiff's allegations as to a policy or custom of providing inadequate medical care that may have existed at that time.  The Report identifies problems with screening, identifying, and providing timely care for detainees with chronic health conditions, including diabetes, epilepsy, and HIV.  *Id.* at 3.  The Report states, however, that "the care for detainees suffering from acute medical conditions is occurring in an expeditious manner."  *Id.*  Plaintiff's medical condition falls into this latter category.  Namely, Plaintiff was receiving care for facial injuries he incurred during the assault that resulted in his arrest.  SAC ¶¶ 23-27; 29-33.  The DHS report, therefore, fails to provide factual support for Plaintiff's conclusory allegation that there was a policy or custom of providing inadequate medical care to pretrial detainees due to the type of care that Plaintiff required.  *See Clayton v. City of Newark*, No. 21-1289, 2021 WL 6062342, at *6 (D.N.J. Dec. 22, 2021) (rejecting argument that any unconstitutional activity by police department would establish a custom of using excessive or deadly force in connection with apprehending a suspect); *Onuekwusi v. Graham*, 20-2965, 2021 WL 1085523, at *11 (D.N.J. Mar. 22, 2021) (explaining that discussion of problems with police reports in a DOJ report does not support inference of a policy or custom of unconstitutional practices involving photo arrays).  Consequently, neither document leads to the plausible inference

that the County had a policy or custom of providing inadequate acute medical care to pretrial detainees at the Bergen County jail.

Because Plaintiff does not sufficiently identify a policy or custom that led to his injuries, Plaintiff fails to state a *Monell* claim against the County.  As a result, the County's motion is granted, and Count V is dismissed.

### 2. Entire Controversy Doctrine

The Woodcliff Lake Defendants seek to dismiss the SAC based on the entire controversy doctrine.  The Woodcliff Lake Defendants contend that because there are two state court matters related to the same incident at issue here, the entire controversy doctrine bars Plaintiff's claims in this matter.  Woodcliff Defs. Br. at 10-13.  The entire controversy doctrine is "New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles."  *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).  It is an affirmative defense that may be considered as grounds for dismissal under Rule 12(b)(6) if its application is clear from the face of the complaint.  *Id.*

Plaintiff argues that the entire controversy doctrine is inapplicable because it only requires the joinder of claims, not parties.  Woodcliff Opp. at 10-12.  But the entire controversy doctrine is inapplicable for a more basic reason.  Specifically, "[o]ne of the prerequisites to the application of res judicata . . . is the existence of a prior judgment that is final, valid, and on the merits."  *Rycoline Prods., Inc.*, 109 F.3d at 889.  The Woodcliff Lake Defendants identify a state court case that Plaintiff filed against four non-parties in this matter, that allegedly involves "the identical operative set of facts."  Woodcliff Defs. Br. at 7-9.  But no party indicates that a final judgment has been entered in the state court matter.  In fact, it appears that the parties are actively litigating the state

court matter.  *See* McDonnell Cert., Ex. I.  Consequently, the entire controversy doctrine is inapplicable and the Woodcliff Lake Defendants' motion is denied on these grounds.

### 3. Prosecutorial Immunity

Finally, the Woodcliff Lake Defendants maintain that the SAC must be dismissed as to Defendant Botta due to the doctrine of prosecutorial immunity.  *Id.* at 14-15.  Botta was the Woodcliff Lake Municipal Prosecutor when the alleged wrongful conduct occurred.  SAC ¶ 13. Under New Jersey law, "prosecutors enjoy only a limited form of immunity" for their official conduct.  *Cashen v. Spann*, 334 A.2d 8, 13 (N.J. 1975).[5]  In *Cashen*, the New Jersey Supreme Court explained that a prosecutor is entitled to immunity, absent a showing that he "acted out of personal motive, with malicious intent, or in excess of his jurisdiction."  *Id.* at 14.

In Count IX, the only claim that Plaintiff asserts against Botta, Plaintiff alleges that Botta violated the NJCRA.  Plaintiff alleges that Botta failed to keep Plaintiff informed about the status of the criminal matter and to pursue the criminal complaints as Plaintiff desired, and in violation of the Victim's Rights Act.  SAC ¶¶ 122-24.  Plaintiff alleges that he informed Botta that he intended to participate in the prosecution against Julian and Jacob, the two individuals that allegedly assaulted Plaintiff.  Plaintiff also expressed that he wished "to fully prosecute the case," and was prepared to assist the state with any pretrial preparation.  SAC ¶ 61.  Despite Plaintiff's statements, at the initial appearance, Botta made an oral application to dismiss the complaint.  The Court granted Botta's application.  *Id.* ¶ 63.  Plaintiff additionally alleges that Botta never contacted Plaintiff to discuss the case.  *Id.* ¶ 64.  Plaintiff, however, does not allege any facts that

---

[5] In contrast, and as discussed in the FAC Opinion, "[u]nder federal law, prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors."  *See Newsome v. City of Newark*, No. 13-6234, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014)

lead to a reasonable inference that Botta acted with a personal motive or malicious intent, or that his conduct was outside the scope of his responsibilities.   Consequently, Botta is entitled to prosecutorial immunity.  Count IX, therefore, is dismissed.

Therefore, for the foregoing reasons and for good cause shown

**IT IS** on this 23rd day of June, 2022,

**ORDERED** that the County of Bergen's motion to dismiss (D.E. 81) is **GRANTED** and Count V is dismissed without prejudice; and it is further

**ORDERED** that the Woodcliff Lake Defendants' motion (D.E. 80) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that the Woodcliff Lake Defendants' motion is **GRANTED** with respect to their argument about prosecutorial immunity and Count IX is dismissed without prejudice; and it is further

**ORDERED** that the Woodcliff Lake Defendants' motion is otherwise **DENIED**; and it is further

**ORDERED** that as to counts that are being dismissed, they are dismissed without prejudice.  The Court, however, is not granting leave to file a third amended complaint at this time. Instead, if during the course of discovery, Plaintiff believes that he has sufficient information on which to make plausible allegations, Plaintiff may make a motion to amend at that time.

_____
John Michael Vazquez, U.S.D.J.